UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LORETTA GRIFFTH/LORETTA HUDSON; CALVIN HUDSON, <br><br> Plaintiffs, <br><br> -against- <br><br> SOUTHEAST GRAND STREET GUILD; SLOCHOWSKY & SLCHOWSKY LLP, <br><br> Defendants. | 24-CV-01281 (LTS) <br><br> ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATIONS |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Loretta Griffith/Loretta Hudson[1] and Calvin Hudson bring this action *pro se*. To proceed with a civil action in this Court, the plaintiffs must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, each plaintiff must submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiffs submitted two IFP application in this action, but they do not contain sufficient information to allow the Court to determine whether each of them is unable to pay the filing fees. First, it is not clear that each individual plaintiff signed his or her own IFP application. Second, the IFP applications contain the same exact information without specifying whose information is included in the application. Third, Plaintiffs state that they are not presently employed, and they do not provide the date of their last employment. Plaintiffs further state that they have no sources of income, and possess no money or other assets. Plaintiffs responded with "No" and "N/A" to every question about how they pay their expenses, how many dependents they have, and whether

---

[1] This Plaintiff refers to herself using both names.

they have any debts or financial obligations. Because Plaintiffs do not fully answer the questions on the IFP applications, and fail to provide information on how they pay for their living expenses, the Court is unable to conclude that each one individually does not have sufficient funds to pay the relevant fees for this action.

Accordingly, within thirty days of the date of this order, Plaintiffs must either pay the $405.00 in fees or each submit an amended IFP application. If Plaintiffs submit the amended IFP applications, they should provide answers to all relevant questions on the applications and allege facts to establish that they are unable to pay the filing fees. The amended IFP applications should be labeled with docket number 24-CV-01281 (LTS), and each plaintiff must sign his or her own IFP application. If the Court grants the amended IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 14, 2024
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge